UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TANYA D. CAPPS | CIVIL ACTION |
| VERSUS | NO. 21-487-BAJ-SDJ |
| BRADLEY D. LOTT, et al. | |

## ORDER

Before the Court is a Motion to Compel Compliance with Subpoena Duces Tecum (R. Doc. 11) filed by Defendants, Bradley D. Lott; S&B Trucking, LLC; and Prime Insurance Company, on February 15, 2022. No opposition to this Motion has been filed, and the deadline for doing so has passed. In their Motion, Defendants seeks an order compelling non-party Dr. Leno Congtang to comply with a subpoena duces tecum seeking production of documents in Metairie, Louisiana.[1] Though no proof of service of the subpoena has been submitted, Defendants assert that the subpoena "was issued" to Dr. Congtang on July 28, 2021.[2] According to Defendants, no documents pursuant to the subpoena have been produced as of the date of the instant Motion.[3]

"A motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2); *see also* Fed. R. Civ. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."); Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required—and also, after a motion is transferred,

---

[1] R. Doc. 11-4 at 1.
[2] R. Doc. 11-2 at 1-2. *See also* R. Doc. 11-5 at 1; R. Doc. 11-6.
[3] R. Doc. 11-2 at 2.

the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.").

Here, the subpoena to Dr. Congtang seeks compliance in Metairie, Louisiana.[4] Further, Defendants describe Dr. Congtang as "a Louisiana entity in New Orleans."[5] As such, in order to obtain any relief with respect to the subpoena, Defendants must refile the instant Motion to Compel in the U.S. District Court for the Eastern District of Louisiana. If desired, Dr. Congtang may consent to have the matter transferred to the Middle District of Louisiana as the issuing court, or the court of compliance may do so under Rule 45(f) upon a finding of exceptional circumstances. If not, any resolution must be sought in the district of compliance. Should this Motion be refiled in the Eastern District of Louisiana, counsel shall provide the assigned court with a copy of this Order.[6]

Furthermore, a court may not order compliance with a subpoena under Rule 45 unless the subpoenaed party and the parties to the action have first been provided notice of the motion to compel. *See*, *e.g.*, *Shaw Grp., Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 68604, at *1 (M.D. La. Jan. 8, 2014), *reconsideration denied*, 2014 WL 204244 (M.D. La. Jan. 17, 2014). Here, the record does not indicate that the non-party Dr. Congtang has been served with a copy of Defendants' Motion to Compel. This Court will deny any future motion should it not indicate that notice was properly served on the non-party.

Accordingly,

---

[4] R. Doc. 11-4 at 1.
[5] R. Doc. 11-2 at 1.
[6] *See* Fed. R. Civ. P. 45(f), *Advisory Committee Notes*, 2013 Amendment.

**IT IS ORDERED** that Defendants' Motion to Compel Compliance with Subpoena Duces Tecum (R. Doc. 11) is **DENIED**.

Signed in Baton Rouge, Louisiana, on March 28, 2022.

*[signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**